[No. 13198. *En Banc.* March 2, 1916.]

## The State of Washington, *Appellant*, v. Powles & Company, *Respondent.*[1]

Factors—Regulation — "Commission Merchants" — Statutes — Definiteness. Rem. & Bal. Code, § 7033, regulating commission merchants, who are defined as persons whose "principal" business is the sale of farm, dairy, orchard or garden produce on account of the shipper, and making it a misdemeanor for them to do business without a license, is void; since the definition attempted is fatally vague and fails to sufficiently indicate to whom the law is applicable.

Statutes—Partial Invalidity—Effect. Since it cannot be said that Rem. & Bal. Code, § 7033 *et seq.*, regulating commission merchants, would have been passed without any definition of the persons to whom the act was to be applied, the indefiniteness of the definition of commission merchants pervades the act and renders the whole statute void.

Holcomb, J., dissents.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered September 30, 1915, upon sustaining a demurrer to the information, dismissing a prosecution for a violation of the commission merchants' law. Affirmed.

*The Attorney General* and *Edward W. Allen, Assistant, Alfred H. Lundin,* and *Frank P. Helsell,* for appellant.

*James Kiefer* and *Bogle, Graves, Merritt & Bogle,* for respondent.

Bausman, J.—This is an appeal by the state from a judgment sustaining a demurrer to a criminal information charging defendant with conducting a commission merchant business without a license.

In *State v. Bowen & Co.*, 86 Wash. 23, 149 Pac. 330, we decided that a requiring of licenses from commission mer-

[1]Reported in 155 Pac. 774.

chants and the imposing of sundry regulations on their business is a valid exercise of police power, and that the constitutionality of the act, chapter 139, Laws of 1907, p. 266; Rem. & Bal. Code, §§ 7024-7035 (P. C. 91 § 1), enacted under that power, could not be questioned by the defendant then involved. In the present instance it can be questioned. The information charges this defendant's business to be of the commission sort to the extent of twenty-five per cent, while the act defines "commission merchant" as follows:

"For the purpose of this chapter a commission merchant is defined and declared to be any person, firm or corporation whose principal business is the sale of farm, dairy, orchard or garden produce on account of the shipper or consignor." Rem. & Bal. Code, § 7033 (P. C. 91 § 19).

The defendant's commission business, then, must be the "principal" part of his traffic. Explaining why it seeks to hold the defendant liable when it charges his commission business to be but twenty-five per cent of his traffic, the state argues that the word "principal" does not mean "major," as the lower court in discharging the defendant held, but "regular" as distinguished from "casual," and that if this be not the definition of the word, then the definition attempted in the act was repugnant to the rest of it and should be thrown out entirely, in consequence of which the defendant should be held as if there were no definition at all.

The definition attempted in the statute is fatally vague. Is the principal part of a business fifty-one per cent of mere pecuniary receipts? One may do a business in which only forty-nine per cent in gross receipts is of the commission sort, and yet in which that sort is the most profitable. When one has total receipts of $100,000 per annum, the commission part may be but $20,000, and yet his ten other kinds of business might bring in less than $10,000 each. Thus, in both gross and net profits, the commission department might bring in less than half of all the others put together, and yet bring in much more than any one. There, in one sense, the

chief business would be of a commission kind. Would it, though, be the *principal*, within this statute, when it is principal only by that kind of comparison? We are unable to say. We cannot hold, as the lower court did, that "principal" means either gross majority in profits or more than half of all the receipts, or that it means more than any other one kind of receipts. Accordingly, upon the mere basis of money, the statutory definition is vague beyond hope.

But perhaps the legislature meant by "principal" that which brings the most customers or the most transactions, as where, though only thirty per cent in receipts is of the commission sort, the latter has several times as many transactions as all the others put together. Thus, suppose the commission department causes a thousand transactions and yet constitutes a minority in money received, while the other departments, bringing in fifty-one per cent of the total money, are but a hundred in number, shall it be said that the commission business is not the principal one there?

Finally, during how long a period is the test to be applied? Is it the seasonal or the annual receipts that shall control, or is it a view of the man's business during two or three years? Shall a merchant only starting in business and opening a commission department be judged immediately, or shall the state wait a year or two until his status is reasonably established?

This sufficiently answers also the state's attempted definition of the word "principal." We cannot say that this word meant regular rather than casual, for who shall define what is regular or what is casual? Some casual transactions may be of great moment and bring in, during a considerable period, a large excess of gross receipts.

Vague though the statute is, there is here an attempt to punish people criminally for violating it. As to the state's argument that we should now throw out this vague section and go on with the rest, that cannot be considered. This is

far from a situation where that is permissible. That we can do only when it is clear that the legislature would have passed the act even without the ejected provision. But nobody can say here that it would have done so. The very contrary is apparent. In our opinion, nobody would have been willing to pass this act without some definition of "commission merchant," for if there were no definition at all, then it could be said that a trader who did a $1,000,000 worth of business with only $10,000 of it in the commission department was within the act, a conclusion we are satisfied to which nobody would have agreed. To insert some definition was therefore imperative.

The definition pervades this act. It is essential to all of it, and the whole statute is void through its undeniable deficiency. The lower court was right in sustaining the demurrer and dismissing the action. Judgment affirmed.

MORRIS, C. J., MOUNT, PARKER, MAIN, and ELLIS, JJ., concur.

FULLERTON, J. (concurring)—In the foregoing opinion the majority of the court hold that the defendant cannot be convicted of a misdemeanor on the information filed against it, because of the invalidity of the statute on which the prosecution is founded. With this holding, and with the major part of the opinion stating the reasons for so holding, I agree. This was the conclusion reached by Judge Chadwick in his dissenting opinion in the case of *State v. Bowen & Co.*, 86 Wash. 23, 149 Pac. 330, in which I concurred.

I cannot agree, however, with the conclusion of the majority to the effect that this case can be differentiated from the case cited. In that case, the defendant admitted the facts charged against it and defended in the lower court, and appealed to this court on the sole ground that the statute under which it was being prosecuted was unconstitutional and void. The defendant in this case made the same defense, with

the additional defense that the statute had no application to its business. The only difference between the cases is that in the one the defendant's principal business was of the sort the statute seeks to regulate, while in the other only twenty-five per centum of its business is of that sort. But this, in my opinion, does not warrant the distinction made. I think it clear that if the constitutional question can be raised by the defendant in this case it could, for a much stronger reason, have been raised by the defendant in the earlier one. There the defendant was convicted and sentenced to pay a fine; here the defendant was adjudged not guilty of a violation of the statute, and we have the anomaly of one convicted under a void statute being unable to raise the question of the validity of the statute, while another, held not guilty of violating its provisions, being able to do so. Each of them, I think, can raise the question; but if either cannot, it seems to me it is the present defendant, not the other.

But, if both of these decisions can stand as law, we have an anomaly more curious to my mind than even the one suggested. The majority, I do not understand, mean to hold that the inability to raise the constitutional question was personal to the defendant in the case of *State v. Bowen & Co.*, but mean rather to hold that no defendant in its situation can raise it. The effect of the decisions, then, is this: Under the authority of the first case, a commission merchant whose principal business is of the sort sought to be regulated by the void statute can be convicted of a violation of its provisions because he is not in a position to raise the question of its validity, while under the authority of the present case, a commission merchant whose business is only twenty-five per centum of the regulated sort cannot be so convicted, even though his business violates the provisions of the statute, because he is in a position to raise the question.

With all due respect to the majority, I cannot think this conclusion sound. In my opinion, the later case of necessity

overrules the earlier one, and I think the court should so declare in terms, not leave the question open to further litigation.

CHADWICK, J. (concurring)—I think this case overrules the *Bowen* case, and very cheerfully concur in the result.

HOLCOMB, J., dissents.