[No. 22229.  *En Banc.*  June 12, 1930.]

GEO. H. BURR, CONRAD & BROOM, INCORPORATED, *et al.,*
*Appellants,* v. SAMUEL H. CHASE *et al.,*
*Respondents.*[1]

*George Donworth, Charles T. Donworth,* and *Todd,
Holman & Sprague,* for appellants.

*The Attorney General* and *E. W. Anderson, Assistant,* for respondents.

*William Hatch Davis* and *John H. Powell, amici
curiae.*

BEALS, J.—This case involves an attack upon chapter 151, Session Laws of 1929, p. 380, similar to that waged in the case of *Aberdeen Savings & Loan Association v. Chase, ante* p. 351, 289 Pac. 536, as members of the tax commission of the state of Washington, in which, in an action brought by a group of savings and

[1]Reported in 289 Pac. 551.

loan associations, we held the act unconstitutional as in violation of the equal protection clause of the constitution of the United States, and as attempting to tax governmental tax-exempt securities. Reference is made to the opinion referred to for a general statement of the situation involved here.

Plaintiffs are corporations engaged within the state of Washington in the business of dealing in investment securities. They instituted this action, on their own behalf and for the benefit of all similar corporations, for the purpose of enjoining the enforcement of chapter 151, Session Laws of 1929, p. 380, alleging that the act is in violation of their constitutional rights. Defendants demurred to plaintiffs' complaint on the ground that the same did not state a cause of action. This demurrer having been sustained by the trial court, plaintiffs elected to stand upon their complaint, and a decree was entered dismissing the action, from which plaintiffs appeal.

Appellants allege that they were, during the year 1928, and still are, corporations of the character denominated "financial corporations" by the act above referred to, and that, pursuant to the provisions of this act, respondents had levied taxes against appellants for the year 1929 aggregating a considerable amount, which taxes respondents were threatening to certify to the several county assessors for collection.

Appellants allege that the total aggregate amount of the capital, surplus and undivided profits, together with the resources, of the financial corporations doing business in the state of Washington, is approximately fifty million dollars, and that corporations similar to appellants employ a total capital of approximately fifteen million dollars, and that, under the act of which they complain, appellants and similar financial corporations would be required to pay to the state taxes

for the year 1929 in a sum exceeding two hundred thousand dollars; that, in the state of Washington there are, and were during the year 1928, many individuals and copartnerships engaged in the business of dealing in investment securities exactly as are appellants, and engaged in vigorous competition with appellants; that the business in which appellants are engaged is generally known as that of "investment banking;" and that in the city of Seattle alone there are five copartnerships carrying on that business, which five copartnerships alone do a business in the state of Washington amounting to hundreds of millions of dollars, and earn large net profits.

Appellants contend that, because these individuals and copartnerships, which are carrying on exactly the same business in which appellants are engaged, are not by the act now before us taxed upon their net income as the act requires appellants to be taxed, the act is unconstitutional under the fourteenth amendment to the constitution of the United States as denying to appellants the equal protection of the laws.

Appellants, in a second cause of action, allege that, in their returns of net income, they were required by respondents to include the sums which they had, during the year 1928, received as interest on bonds or securities of the United States, and that the act of 1929 is unconstitutional for the reason that it attempts to tax governmental securities which are by Federal law exempt from taxation.

Appellants urge other grounds of attack upon the law, but the conclusion which we reach renders necessary discussion only of the two above referred to.

We are clearly of the opinion that chapter 151, Session Laws of 1929, p. 380, is, as regards appellants, unconstitutional, in that it denies them equal protection of the laws, to which protection they are entitled

under the fourteenth amendment to the constitution of the United States. The opinion of the supreme court of the United States in the case of *Quaker City Cab Co. v. Pennsylvania*, 277 U. S. 389, is even more exactly in point in this case than it was in the case of *Aberdeen Savings & Loan Association v. Chase, supra,* as the direct competition between appellants in their business and private individuals and copartnerships engaged in the same business in the same locality is much more keen and general, and applies more directly to the entire business carried on by appellants, than does the competition to which the appellants in the case last cited are subjected. The supreme court of the United States in the case of *Quaker City Cab Co. v. Pennsylvania* says:

"Plaintiff in error was subject to competition in its business by individuals and partnerships operating taxicabs. The act does not apply to them, and no tax is imposed on their receipts. Corporations operating taxicabs are not exempted from any of the taxes imposed on natural persons carrying on that business. And every such corporation whether domestic or foreign pays a capital stock tax of five mills on the actual value of its capital stock and a bonus of one-third of one per cent on the par value of all stock issued if it be a domestic corporation, and a like rate on its capital employed in Pennsylvania if it be a foreign corporation. Act of July 22, 1913, P. L. 903. Section 1, Act of May 3, 1899, P. L. 189. Section 1, Act of May 8, 1901, P. L. 150. The Supreme Court said that it is immaterial whether individuals engaged in a like taxicab business are subject to the tax here involved and that corporations may be placed in a class separate from individuals and so taxed.

"The equal protection clause extends to foreign corporations within the jurisdiction of the state and safeguards to them protection of laws applied equally to all in the same situation. Plaintiff in error is entitled in Pennsylvania to the same protection of equal laws

that natural persons within its jurisdiction have a right to demand under like circumstances. *Kentucky Finance Corporation v. Paramount Exch.,* 262 U. S. 544, 550. The equal protection clause does not detract from the right of the state justly to exert its taxing power or prevent it from adjusting its legislation to differences in situation or forbid classification in that connection, 'but it does require that the classification be not arbitrary but based on a real and substantial difference having a reasonable relation to the subject of the particular legislation.' *Power Co. v. Saunders,* 274 U. S. 490, 493.''

The court, in discussing the issues, calls attention to the fact that the receipts of incorporated taxicab operators are taxed, while those of natural persons and partnerships carrying on the same business are not taxed, saying:

''The character of the owner is the sole fact on which the distinction and discrimination are made to depend; the tax is imposed merely because the owner is a corporation.''

The tax here in question is therefore entirely unjustified under the equal protection clause of the constitution, unless it be held to be purely and only an excise or corporate privilege tax. We are convinced that, notwithstanding the legislative declaration, the tax is not, in truth and in fact, an excise or corporate privilege tax, and, this being the case, we find no justification for any such discrimination between corporations and individuals or copartnerships, which, under the circumstances presented by the record in this case, must be held to be merely an arbitrary classification.

The supreme court of the United States, in the case of *Frost v. Corporation Commission of Oklahoma,* 278 U. S. 515, in considering a statute of Oklahoma declaring cotton-gins to be public utilities, granting the corporation commission power to fix charges to be made

by cotton-gin operators, and providing for the issuance of licenses therefor, held unconstitutional that portion of the law which permitted the commission to grant a license to a corporation without such a showing as was, by the law, made a prerequisite to the granting of a license to a private individual. Discussing these questions, the court says:

"The purpose of the clause in respect of equal protection of the laws is to rest the rights of all persons upon the same rule under similar circumstances. *Louisville Gas Co. v. Coleman,* 277 U. S. 32, 37. This court has several times decided that a corporation is as much entitled to the equal protection of the laws as an individual. *Quaker City Cab Co. v. Penna.,* 277 U. S. 389, 400; *Kentucky Corp'n v. Paramount Exchange,* 262 U. S. 544, 550; *Gulf, Colorado & Santa Fe Ry. v. Ellis,* 165 U. S. 150, 154. The converse, of course, is equally true. A classification which is bad because it arbitrarily favors the individual as against the corporation certainly cannot be good when it favors the corporation as against the individual. In either case, the classification, in order to be valid, ' "must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *Royster Guano Co. v. Virginia,* 253 U. S. 412, 415; *Air-way Corp. v. Day,* 266 U. S. 71, 85; *Schlesinger v. Wisconsin,* 270 U. S. 230, 240. That is to say, *mere* difference is not enough: the attempted classification "must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily and without any such basis." *Gulf, Colorado & Santa Fe Ry. v. Ellis,* 165 U. S. 150, 155.' *Louisville Gas Co. v. Coleman,* 277 U. S. 32.

"By the terms of the statute here under consideration, appellant, an individual, is forbidden to engage in business unless he can first show a public necessity in the locality for it; while corporations organized under the act of 1919, however numerous, may engage

in the same business in the same locality no matter how extensively the public necessity may be exceeded. That the immunity thus granted to the corporation is one which bears injuriously against the individual does not admit of doubt, since by multiplying plants without regard to necessity the effect well may be to deprive him of business which he would otherwise obtain if the substantive provision of the statute were enforced.''

The court held that the proviso of the statute, the legality of which was challenged, was unconstitutional as contravening the equal protection clause of the fourteenth amendment.

''Stripped of immaterial distinctions and reduced to its ultimate effect, the proviso, as here construed and applied, baldly creates one rule for a natural person and a different and contrary rule for an artificial person, notwithstanding the fact that both are doing the same business with the general public and to the same end, namely, that of reaping profits. That is to say, it produces a classification which subjects one to the burden of showing a public necessity for his business, from which it relieves the other, and is essentially arbitrary, because based upon no real or substantial differences having reasonable relation to the subject dealt with by the legislation. *Power Co. v. Saunders,* 274 U. S. 490, 493; *Louisville Gas Co. v. Coleman, supra,* p. 39; *Quaker City Cab Co. v. Penna., supra,* p. 402.'' *Frost v. Corporation Comm. of Oklahoma,* 278 U. S. 515.

As stated in the opinion in the case of *Aberdeen Savings & Loan Association v. Chase, supra,* the law is also obnoxious to the objection urged by appellants that it provides for the taxation of tax-exempt governmental securities.

Other objections are urged by appellants, but we deem it unnecessary to prolong this opinion by discussion thereof.

The judgment appealed from is reversed, with in-

structions to the trial court to overrule the demurrer interposed by respondents.

MITCHELL, C. J., FRENCH, TOLMAN, MAIN, and PARKER, JJ., concur.

FULLERTON, HOLCOMB, and MILLARD, JJ., dissent.