[No. 23393. Department Two. January 6, 1932.]

CORWIN INVESTMENT COMPANY et al., *Respondents*, v. RICHARD WHITE, *as County Treasurer, et al., Appellants.*

SURETY FINANCE COMPANY, *Respondent*, v. RICHARD WHITE, *as County Treasurer, et al., Appellants.*[1]

O. *Sandvig* and M. C. *Delle,* for appellants.

*Richards, Gilbert & Conklin* and *Parker & Parker,* for respondents.

[1] Reported in 6 P. (2d) 607.

MAIN, J.—In the superior court of Yakima county, two actions were brought to recover back void taxes paid under protest. In one of the actions, there was a number of plaintiffs, and in the other, only one. The actions were consolidated for the purpose of trial, and will be treated here as one action. The trial was to the court without a jury, and resulted in findings of fact, from which it was concluded that the taxes claimed could be recovered. From the judgment entered awarding to each of the plaintiffs the amount of the void tax which it had paid, the defendant, Yakima county, appeals.

There is no dispute as to the facts, and they may be summarized as follows: In 1929, the legislature passed a law providing for a tax, measured by income, upon banks and financial corporations, and for the assessment and collection thereof. Laws of 1929, ch. 151, p. 380. The tax under this act would become delinquent March 15, 1930. Prior to this time, the respondents had received notice from the county treasurer that the taxes would be due and payable, and the payments were made on March 13 and 14 of that year.

Before they were paid, the parties representing the respondents informed the county treasurer that they understood that an action was to be brought to determine the validity of the law of 1930, and that they desired to pay the taxes in such a way that, if that law were held unconstitutional, they could be recovered back. The matter was discussed with the county treasurer, and he suggested that the proper way would be to write on the checks "paid under protest." This was done with reference to the taxes by each of the respondents. In two instances, the receipts issued made the same recital.

The law of 1929 was by this court held to be unconstitutional (*Burr, Conrad & Broom v. Chase,* 157

Wash. 393, 289 Pac. 551), and was finally disposed of here by the denial of a petition for rehearing the 7th day of August, 1930. Thereafter, and on November 25, 1930, the various respondents, excepting one, filed their claims for a refund of the taxes. The other respondent filed its claim for a refund January 31, 1931.

The law having been declared unconstitutional, the taxes were illegally exacted. Void taxes voluntarily paid cannot be recovered back. *Phelps v. Tacoma,* 15 Wash. 367, 46 Pac. 400; *Pittock & Leadbetter Lumber Co. v. Skamania County,* 98 Wash. 145, 167 Pac. 108; *Robinson v. Kittitas County,* 101 Wash. 422, 172 Pac. 553. Taxes which are void, but which have been paid under protest, may be recovered back. *Tozer v. Skagit County,* 34 Wash. 147, 75 Pac. 638; *Owings v. Olympia,* 88 Wash. 289, 152 Pac. 1019; *Stimson Timber Co. v. Mason County,* 97 Wash. 205, 166 Pac. 251.

From the facts stated, it distinctly appears that the taxes in question were paid under protest, and that the county treasurer was informed that they were being so paid and the reason therefor. In the briefs there is covered, somewhat comprehensively, the question of whether the taxes exacted of the respondents were paid under duress, but it is not necessary here to go into that question, because, as stated, the foundation for the recovery was laid by the payments being made under protest.

It is said, however, that a recovery should be denied because the claims for the refund were not filed within a reasonable time. An action against a county to recover void taxes is one which arises upon an implied contract, not in writing, and the three-year statute of limitations applies. *Pacific Coal & Lumber Co. v. Pierce County,* 133 Wash. 278, 233 Pac. 953. A claim filed within a reasonable time and within the

statutory period is sufficient as to time. *Byram v. Thurston County,* 141 Wash. 28, 251 Pac. 103, 252 Pac. 943.

In the case now before us, the claims were filed within a period of four or five months after the action was finally disposed of in this court. The appellant was in no way prejudiced by reason of the fact that the claims were not filed more promptly. It seems clear that recovery should not be denied upon the ground that the claims were not filed in time, since the statute provides, as construed in the cases above cited, that the action may be brought at any time within three years after the payment of the taxes.

Finally, it is contended that, since the protest did not meet the requirements of § 35, ch. 151, p. 396, of the Laws of 1929, under which the taxes were exacted, recovery should be denied for this reason. That section of the statute does provide, in detail, what it is necessary to do when an illegal tax is paid under protest, in order that an action may be maintained to recover the same.

The principal purpose of the act was to impose a tax on banks and financial institutions measured by net income, and this, as held in *Burr, Conrad & Broom v. Chase,* 157 Wash. 393, 289 Pac. 551, denied to savings and loan associations the equal protection of the laws, in that the same business of individuals and copartnerships in direct competition therewith was not taxed. It thus appears that the principal purpose of the act was held to be unconstitutional. All the other provisions thereof are incidental to its principal purpose of providing for a tax measured by net income upon banks and financial corporations.

The rule is that the entire act will fail where the constitutional and unconstitutional provisions are so connected and interdependent in subject matter, mean-

ing and purpose that it cannot be believed that the legislature would have passed the one without the other; or where the part eliminated is so intimately connected with the balance of the act as to make it useless to accomplish any of the purposes of the legislature. *State v. Powles & Co.*, 90 Wash. 112, 155 Pac. 774; *Northern Cedar Co. v. French*, 131 Wash. 394, 230 Pac. 837.

In the present case, it cannot be believed that the legislature would have passed the act in question with its principal purpose, that of providing a tax measured by net income upon banks and financial institutions, eliminated. That was the central thought of the act, and, as stated, all the other provisions are incidental thereto. When the main purpose of the act failed, § 35 ceased to be a valid enactment, and it was not necessary that, in making protest, the respondents comply with the provisions of that section.

The judgment will be affirmed.

TOLMAN, C. J., MILLARD, HOLCOMB, and BEALS, JJ., concur.