[No. 25897. *En Banc.* March 27, 1936.]

PETROLEUM NAVIGATION COMPANY, *Respondent,* v.
H. H. HENNEFORD et al., *Appellants.*[1]

*The Attorney General* and *R. G. Sharpe, Assistant,* for appellants.

*Allen, Froude & Hilen,* for respondent.

MILLARD, C. J.—Under the provisions of title 17, chapter 180, Laws of 1935, p. 706, Rem. 1935 Sup., § 8370-1 [P. C. § 7030-61] *et seq.,* an annual tax, measured by net income, is imposed on all national banks and all other corporations doing business in this state, except those expressly exempted. Plaintiff, a domestic corporation, is engaged in the business of transporting freight, particularly petroleum and petroleum products, and it owns and operates storage plants in connection therewith. It is in competition with individuals, partnerships or firms engaged in

[1] Reported in 55 P. (2d) 1056.

like business but not transacting the same business as corporations or associations as defined by the act.

Plaintiff brought this action to enjoin the members of the state tax commission from enforcing the provisions of the above-described act against it and all other corporations similarly situated transacting business in this state. Defendants' demurrer to the complaint was overruled. They elected not to plead further, whereupon a decree was entered adjudging title 17, chapter 180, Laws of 1935, p. 706, Rem. 1935 Sup., § 8370-1 [P. C. § 7030-61] *et seq.,* to be unconstitutional and perpetually restraining its enforcement. Defendants have appealed from that decree.

The determinative question is whether the tax imposed is an excise or a property tax. The 1935 act imposes a tax, measured by the corporation's net income, for the privilege of exercising its corporate franchise in this state, or for the privilege of doing business in this state, in addition to annual license fees.

The same question was presented in the case of *Aberdeen Savings & Loan Ass'n v. Chase,* 157 Wash. 351, 289 Pac. 536, 290 Pac. 697, 71 A. L. R. 232. In that case, this court held that the 1929 enactment providing for a tax of five per cent upon the net income of banks and financial corporations was a property tax. The 1929 act contained a recital that the tax was "for the privilege of exercising its corporate franchise within this state."

Since the act imposes a property tax, it is subject to the uniformity clause of the fourteenth amendment of the state constitution. *Aberdeen Savings & Loan Ass'n v. Chase,* 157 Wash. 351, 289 Pac. 536, 290 Pac. 697, 71 A. L. R. 232; *Burr, Conrad & Broom v. Chase,* 157 Wash. 393, 289 Pac. 551; *Culliton v. Chase,* 174 Wash. 363, 25 P. (2d) 81; *Jensen v. Henne-*

*ford, ante* p. 209, 53 P. (2d) 607. The property of the respondent may not be subjected to a tax not imposed upon the property of copartners and individuals. *Burr, Conrad & Broom v. Chase, supra.*

The question presented by this appeal being foreclosed by the authorities cited, it follows that the judgment must be, and it is, affirmed.

MAIN, MITCHELL, HOLCOMB, BEALS, and STEINERT, JJ., concur.

TOLMAN and GERAGHTY, JJ., dissent.

BLAKE, J. (dissenting)—I dissent for the reasons stated in the dissenting opinions in *Culliton v. Chase,* 174 Wash. 363, 25 P. (2d) 81, and *Jensen v. Henneford, ante* p. 209, 53 P. (2d) 607.