[No. 35276.  *En Banc.*  April 14, 1960.]

THE APARTMENT OPERATORS ASSOCIATION OF SEATTLE, INC.,
*et al., Respondents,* v. WILLIAM S. SCHUMACHER *et al.,*
*Appellants,* CENTRAL BUILDING COMPANY *et al.,*
*Intervenors and Respondents.*[1]

*The Attorney General* and *John W. Riley, Deputy,* for appellants.

*Merges & Brain* and *Eugene D. Zelensky,* for respondents.

PER CURIAM.—The members of the state tax commission appeal from a declaratory judgment enjoining the enforcement of Laws of 1959, Ex. Ses., chapter 5, § 4, p. 1667, providing for the collection of a tax on rents which exceed three hundred dollars per month. The statute, so far as material, is as follows:

[1]Reported in 351 P. (2d) 124.

"Upon every person engaging within this state in the business of: . . . (5) the renting or leasing of real property; as to such persons, the amount of tax on such business shall be equal to the gross income of the business multiplied by the rate of one-quarter of one percent."

Laws of 1959, Ex. Ses., chapter 5, § 7, p. 1669, exempts from the tax gross rental income of under three hundred dollars per month.

With commendable candor and admirable simplicity, the attorney general, in his brief, states the single issue presented in the following words:

"It is appellant's belief that the foregoing assignments of error are individually and collectively hinged to a single question of law:
*"Is the tax in question an excise tax or a property tax?"*

The question is foreclosed by prior decisions of this court. The attorney general, with the same commendable forthrightness and candor, states in the printed brief:

"We recognize that this court has held that 'income' is 'property.' *Jensen v. Henneford,* 185 Wash. 209 [53 P. (2d) 607]; (*cf. Petroleum Navigation Co. v. Henneford,* 185 Wash. 495 [55 P. (2d) 1056]; *Power, Inc. v. Huntley,* 39 Wn. (2d) 191 [235 P. (2d) 173]; *Aberdeen Savings and Loan Ass'n v. Chase,* 157 Wash. 351 [289 Pac. 536, 290 Pac. 697]; and *Culliton v. Chase,* 174 Wash. 363 [25 P. (2d) 81].)"

■ Under those decisions, a tax on rental income is a tax on property, and not an excise tax. Furthermore, a tax upon rents from real estate is a tax upon the real estate itself, and is, thus, a second tax upon real estate. There is no tax levied by the act upon unrented real estate. For such reasons (the exclusion of gross income of under three hundred dollars and the second tax upon rental realty), the instant tax lacks the uniformity required by the fourteenth amendment to the state constitution. The argument is again pressed upon us that these cases were wrongly decided. The court is unwilling, however, to recede from the position announced in its repeated decisions.

■ Among other things, the attorney general urges that

the result should now be different because the state is confronted with a financial crisis. If so, the constitution may be amended by vote of the people. Such a constitutional amendment was rejected by popular vote in 1934.

The judgment is affirmed.

---

September 13, 1960. Petition for rehearing denied.