[No. 83937-9.   En Banc.]
Argued January 13, 2011.     Decided February 16, 2012.

JAMES R. CARY ET AL., *Petitioners*, v. MASON COUNTY ET AL., *Respondents*.

*James R. Cary, Mary Alice Cary, John E. Diehl,* and *William D. Fox Sr.,* pro se.

*Matthew B. Edwards* (of *Owens Davies Fristoe Taylor & Schultz PS*) and *Michael K. Dorcy, Prosecuting Attorney,* and *Timothy W. Whitehead, Deputy,* for respondents.

*Richard M. Stephens, Brian D. Amsbary,* and *Michael J. Reitz* on behalf of Evergreen Freedom Foundation, amicus curiae.

*Robert M. McKenna, Attorney General,* and *Phyllis J. Barney, Assistant,* on behalf of Washington State Conservation Commission, amicus curiae.

*William C. Severson* on behalf of Rental Housing Association of Puget Sound, amicus curiae.

*Daniel T. Satterberg, Prosecuting Attorney,* and *H. Kevin Wright* and *Joseph B. Rochelle III, Deputies,* on behalf of King County, amicus curiae.

*Paul J. Lawrence* and *Jessica A. Skelton* on behalf of Washington Association of Conservation Districts, amicus curiae.

¶1 ALEXANDER, J.[*] — Four Mason County residents brought suit in Mason County Superior Court challenging the validity of an ordinance, which levies a special assessment on nonforest lands within the Mason Conservation District. The superior court ruled for the residents, concluding that the county ordinance is an unconstitutional tax. The Court of Appeals reversed that decision. We granted review and now reverse the Court of Appeals, holding that the ordinance is invalid on statutory grounds.

## I

¶2 The legislature has authorized counties to impose "special assessments" to fund the activities of conservation districts, declaring that "[a]ctivities and programs to conserve natural resources, including soil and water, are . . . of special benefit to lands." RCW 89.08.400(1). The assessment rate can be stated either as a uniform rate per acre or a flat rate per parcel plus a uniform rate per acre. RCW 89.08.400(3). The maximum rate per acre may not exceed $0.10, and the maximum rate per parcel may not exceed $5.00, except in a county with a population of more than 1,500,000 (i.e., King County), where it may not exceed $10.00.

¶3 In 2002, the Mason Conservation District (District) asked the Mason County Board of Commissioners (Board) to levy a special assessment of $5.00 per parcel and $0.07 per acre to "create a fund dedicated to addressing water resource protection issues within Mason County." Clerk's Papers (CP) at 59. The District proposed allocating a portion of the assessment revenue to the Mason County Department of Health Services (Department) in order to fund Mason County's threatened area response program, identify sources of pollution, and provide matching funds for future grant opportunities. The District also proposed to

---

[*] Justice Gerry L. Alexander is serving as a justice pro tempore of the Supreme Court pursuant to Washington Constitution article IV, section 2(a).

use its share of the revenue to provide technical assistance to property owners regarding water pollution caused by animal waste, pesticides, and fertilizers.

¶4 The Board thereafter held a public hearing at which the Department recommended that the Board approve the proposed assessment, but eliminate the $0.07 per acre rate in view of the high administrative costs associated with its collection.[1] The Board agreed with the recommendations and adopted an ordinance, which eliminated the per acre rate and levied a "five-dollar flat rate" on all nonforest lands in the county. *Id.* at 65; *see* Mason County Ordinance 121-02 (Ordinance). The Ordinance was based on the Board's findings of fact, including the finding that "the special assessments to be imposed will not exceed the special benefit the land receives or will receive from activities funded by the assessment." CP at 65.

¶5 In 2003, pursuant to RCW 89.08.220(4), the District entered into an interlocal agreement with Mason County, clarifying the nature of the services to be provided with the assessment funds. According to the agreement, "[t]he County manages water resources by and near affected assessed parcels, monitors surface and groundwater by and near affected assessed parcels and investigates complaints," while "[t]he District provides technical assistance and education to assessed property owners in managing their property to protect natural resources in a non-regulatory manner." CP at 102. The agreement also states that "[n]either the County nor the District may use assessment funds to directly benefit citizens who are not assessed property owners." *Id.* at 103. The agreement also enumerated the "special benefits" provided to nonforested parcels with assessment funds, including water quality workshops, dye testing of septic systems, ambient water quality moni-

---

[1] According to the county treasurer, the $0.07 per acre charge would have brought in approximately $8,494, but would have cost the treasurer $1,344 each year to perform the additional billings, $400 to $600 to reprint tax statements, and $8,000 to $10,000 to reprogram the computer to take the $0.07 per acre into account. CP at 63.

toring, restoration of broken sewer or water lines, remediation of contaminated soil, and matching funds for activities and programs to support soil and water conservation. The county began collecting the assessment in 2003. By 2007, it had received assessments totaling $1,112,640.68.

¶6 In March 2003, Mason County residents James Cary, Mary Alice Cary, John Diehl, and William Fox Sr. (collectively Petitioners) filed this lawsuit in Mason County Superior Court. In it, they sought a declaratory ruling that the Ordinance was invalid on statutory grounds and an unconstitutional property tax. The superior court dismissed their suit as untimely, but the Court of Appeals reversed. *Cary v. Mason County*, 132 Wn. App. 495, 132 P.3d 157 (2006), *review denied*, 159 Wn.2d 1005 (2007). On remand, the Petitioners and the District each moved for summary judgment. The trial court granted the Petitioners' motion, concluding that the Ordinance is an unconstitutional tax under *Covell v. City of Seattle*, 127 Wn.2d 874, 905 P.2d 324 (1995), and that it violates RCW 89.08.400(3) in assessing a per parcel rate without a per acre rate. The Court of Appeals reversed that decision, holding that the Ordinance is a valid regulatory fee under *Covell* and that RCW 89.08.400(3) does not require a per acre rate in addition to a per parcel rate.

¶7 The Petitioners then sought review here, and we granted their petition. The Washington State Conservation Commission, the Washington Association of Conservation Districts, the Evergreen Freedom Foundation, the Rental Housing Association of Puget Sound, and King County all submitted amicus briefs.

## II

¶8 On appeal from a summary judgment order, an appellate court engages in the same inquiry as the trial court. *Okeson v. City of Seattle*, 150 Wn.2d 540, 548, 78 P.3d 1279

(2003). The issues before us pertain to constitutional limitations and statutory authority and are issues of law to be determined de novo by this court. *Id.* at 548-49.

## III

A. Are the Petitioners prohibited by RCW 89.08.400(2) from challenging Mason County's special assessment ordinance?

¶9 As a preliminary matter, the District asserts that the validity of the Ordinance is not subject to judicial review. In support of this position, the District cites RCW 89.08-.400(2), which provides that the "findings of the county legislative authority" that the assessments are in the public interest and will not exceed the benefits of the district's conservation programs "shall be final and conclusive." The District contends that the legislature has limited landowners to the remedy set forth in RCW 89.08.400(5). That statute provides that after the assessment has been approved, if at least 20 percent of the owners of land subject to the assessment file a petition with the county legislative authority objecting to the assessment, the assessment may not be collected in the following year.

¶10 The District misunderstands the import of RCW 89.08.400(2). While that statute does make certain of the county's *findings* final and conclusive, it does not preclude a judicial challenge to the constitutionality of special assessments or their compliance with statutory mandates. *Cf. Heavens v. King County Rural Library Dist.*, 66 Wn.2d 558, 562, 404 P.2d 453 (1965) (procedure provided by statute for taxpayers to challenge their share of the cost of the local improvement would have offered an "adequate remedy" if the taxpayers had challenged the assessment as excessive, but they were challenging the "constitutionality of *any* special assessment for the purpose stated"). Even if the legislature had intended such a result, it may not deprive this court of its obligation to review the statutory or

constitutional validity of a special assessment. *See Scott Paper Co. v. City of Anacortes*, 90 Wn.2d 19, 33, 578 P.2d 1292 (1978) ("The construction of the constitution is a judicial function. As such, it is exclusively the function of the courts under Const. art. 4, § 1."); *State ex rel. O'Connell v. Slavin*, 75 Wn.2d 554, 557, 452 P.2d 943 (1969) ("The construction and interpretation of statutes and of provisions of the constitution is a judicial function."); *Blanchard v. Golden Age Brewing Co.*, 188 Wash. 396, 415, 63 P.2d 397 (1936) ("Any legislation, . . . the purpose or effect of which is to divest, in whole or in part, a constitutional court of its constitutional powers, is void as being an encroachment by the legislative department upon the judicial department."). In sum, RCW 89.08.400(2) does not bar the Petitioners' challenge to the Ordinance.

B.  Does Mason County's Ordinance violate RCW 89.08.400(3)?

¶11 The Petitioners contend here, as they did below, that the Ordinance is invalid on both statutory and constitutional grounds. We have said that "[a] reviewing court should not pass on constitutional issues unless absolutely necessary to the determination of the case." *State v. Hall*, 95 Wn.2d 536, 539, 627 P.2d 101 (1981). We begin, therefore, with an analysis of the Petitioners' statutory challenge. As we have already observed, the District initially asked the Board to assess properties at $5.00 per parcel and $0.07 per acre. The Board, however, eliminated the per acre rate in order to avoid the administrative costs associated with its collection and simply imposed a flat per parcel assessment of $5.00. The Petitioners contend that the Board's action contradicted the plain text of RCW 89.08.400(3), which provides, in pertinent part:

> A system of assessments shall classify lands in the conservation district into suitable classifications according to benefits conferred or to be conferred by the activities of the conservation district, determine an annual per acre rate of assessment for

each classification of land, and indicate the total amount of special assessments proposed to be obtained from each classification of lands. Lands deemed not to receive benefit from the activities of the conservation district shall be placed into a separate classification and shall not be subject to the special assessments. An annual assessment rate shall be stated as either uniform annual per acre amount, or an annual flat rate per parcel *plus* a uniform annual rate per acre amount, for each classification of land.

(Emphasis added.) The Petitioners read the last sentence of the quoted portion of the statute as mandating a positive rate per acre "plus" a flat rate per parcel.

¶12 The District, noting that the statute says "shall be *stated* as" (as opposed to simply "shall be"), responds that nothing in this provision actually prohibits a county's legislative authority from setting the rate per acre at $0.00, thereby effectively eliminating it. In the District's view, a county is free to impose only a flat rate per parcel, so long as the rate per acre is "stated as" $0.00. According to the District, the only substantive requirements are that the per acre rate may not exceed $0.10 and the per parcel rate may not exceed $5.00 (except in King County). The Court of Appeals agreed with this reasoning, pointing out that RCW 89.08.400(3) sets only maximum rates, not minimum rates. *Cary v. Mason County*, 152 Wn. App. 959, 969, 219 P.3d 952 (2009), *review granted*, 168 Wn.2d 1026, 230 P.3d 1060 (2010).

¶13 We are not persuaded by the District's interpretation. RCW 89.08.400(3) directs counties to "classify lands in the conservation district into suitable classifications *according to benefits conferred* . . . by the activities of the conservation district" and to "determine an annual *per acre* rate of assessment for each classification of land." (Emphasis added.) Since lands are classified "according to benefits conferred," a per acre rate of $0.00 implies that a District's activities confer no benefit on the land in that classification. Thus, a classification with a per acre rate of $0.00

would not be a "suitable" classification for lands that *do* benefit from a District's activities.

¶14 We recognize that the per acre rate for one classification must be $0.00. RCW 89.08.400(3) provides that "[l]ands deemed not to receive benefit from the activities of the conservation district shall be placed into a *separate* classification and shall *not* be subject to special assessments." (Emphasis added.) Since the lands that do not benefit from a District's activities are not subject to the assessment, the per acre rate for that classification can only be $0.00. The fact that the per acre rate for that *separate* classification is $0.00, however, does not imply that the per acre rate for the classifications subject to the assessment may also be $0.00. On the contrary, the implication is that land subject to the assessment should be assigned a positive per acre rate corresponding to the "benefits conferred."

¶15 The District does not appear to understand the purpose of the per acre rate requirement. The statute directs counties to "determine an annual per acre rate of assessment for each classification of land" in order to apportion the burden of the special assessment "according to benefits conferred" by the District's activities. RCW 89.08.400(3); *cf. City of Seattle v. Rogers Clothing for Men, Inc.*, 114 Wn.2d 213, 219-20, 787 P.2d 39 (1990) (special assessments imposed on businesses based on the square footage of business space and the nature of its use). For that reason, the Washington State Conservation Commission promulgated a rule in 2007, WAC 135-100-080(2), providing that "[t]he uniform per-acre amount must be greater than zero cents per acre."[2] The District's interpretation eliminates the proportionality that the legislature sought to

---

[2] In an amicus brief submitted at the Court of Appeals by the attorney general on behalf of the Washington State Conservation Commission, the commission took the position that the statute requires a positive per acre rate and asked the court to invalidate the assessment on that basis. Amicus Curiae Br. of Wash. State Conservation Comm'n at 6-7. While noting the existence of WAC 135-100-080, the commission now urges this court to uphold the assessment, implicitly repudiating its earlier position.

achieve between the amount of the special assessment and the benefits conferred by the district's activities.[3] We conclude, therefore, that the Ordinance is invalid.

C. Petitioners are entitled to the recovery of money paid under protest

¶16 After finding the Ordinance invalid, the trial court entered an order declaring that persons who paid the assessment "under protest" were "entitled to a refund."[4] CP at 13 (citing RCW 84.68.020). We affirm the trial's court order. *Corwin Inv. Co. v. White*, 166 Wash. 195, 197, 6 P.2d 607 (1932) ("Void taxes voluntarily paid cannot be recovered back. Taxes which are void, but which have been paid under protest, may be recovered back." (citations omitted)).

## Conclusion

¶17 We hold that Mason County Ordinance 121-02 violates RCW 89.08.400(3) in assessing only a per parcel rate. Our resolution makes it unnecessary to consider the Petitioners' remaining statutory and constitutional challenges. We, therefore, express no opinion on the constitutionality of funding the activities of conservation districts through

---

[3] Notably, the District's interpretation would frustrate the assessment of forest lands. RCW 89.08.400(3) provides that forest lands "used solely for the planting, growing, or harvesting of trees may be subject to special assessments" if they benefit from the conservation district's activities, but "the *per acre rate* of special assessment on benefited forest lands shall not exceed one-tenth of the weighted average *per acre assessment* on all other lands within the conservation district subject to its special assessments." (Emphasis added.) Under the Mason County Ordinance, the "weighted average per acre assessment on all other lands" is $0.00.

[4] Petitioner Diehl asserts in his affidavit that he submitted a written protest to the Mason County treasurer setting forth the grounds on which the Ordinance was claimed to be invalid and renewed his protest with subsequent property tax payments. CP at 96.

special assessments. The decision of the Court of Appeals is reversed.

MADSEN, C.J., and C. JOHNSON, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, STEPHENS, and WIGGINS, JJ., concur.