[No. 2235.  Decided October 6, 1896.]

DWIGHT PHELPS, Appellant, v. THE CITY OF TACOMA, Respondent.

APPEAL — ASSIGNMENT OF ERROR — MUNICIPAL CORPORATIONS — POWER TO REFUND MONEY RECEIVED FROM ILLEGAL TAX SALES — VOLUNTARY PAYMENT.

An assignment of error that the court erred in overruling a demurrer to an answer is sufficiently definite, especially when the court in so ruling does not disclose its reasons therefor.

Where a city has power under its charter to provide for the levy and collection of taxes, it has power to authorize the repayment of moneys paid into its treasury upon void tax sales.

Such city cannot, however, pass an ordinance which would relieve those who had purchased at void tax sales before the passage of the

ordinance, as such provisions, when applied to past tax sales, cannot be construed as included in the power given the city to regulate the assessment and collection of taxes.

Moneys paid for current taxes by the purchaser at a void tax sale, under the supposition that he had acquired title under such tax sale, fall under the rule that moneys voluntarily paid on account of taxes cannot be recovered.

Money paid into a city treasury under a void tax sale, which the city was authorized by ordinance to refund, did not become the absolute property of the city, and its repayment would not be the incurring of a debt, within the meaning of the constitutional provision forbidding cities to incur indebtedness beyond a certain limit.

Appeal from Superior Court, Pierce County.— Hon. WILLIAM H. PRITCHARD, Judge.   Reversed.

*B. F. Heuston*, and *T. W. Hammond*, for appellant.

The constitutional provision against municipal indebtedness does not apply to the transactions out of which appellant's rights arise. *In re State Warrants*, 62 N. W. 104.   The term "indebtedness," in this connection, means an agreement to pay money when no suitable provision has been made for the prompt discharge of the obligation. *State v. Atlantic City*, 9 Atl. 764; *Sackett v. New Albany*, 45 Am. Rep. 472; *Springfield v. Edwards*, 84 Ill. 626.   The clear intent was to limit and restrict the power of the municipality as to any indebtedness or liability which it has discretion to incur or not to incur. *Lewis v. Widber*, 33 Pac. 1129; *Potter v. Douglas County*, 87 Mo. 239; *Rollins v. Lake County*, 34 Fed. 849.   The same doctrine is acted upon by the supreme courts of Illinois, Iowa and some other states in holding cities liable for damages arising from negligent acts, although past the limit of indebtedness imposed by this prohibition. *Bloomington v. Perdue*, 99 Ill. 329; *Chicago v. Sexton*, 2 N. E. 263; *Bartle v. Des Moines*, 38 Iowa, 414.   This court seems

to recognize the same doctrine in *Soule v. Seattle*, 6 Wash. 315 (33 Pac. 1080.)

Under its charter, the city government is authorized to provide for levying and collecting taxes on real and personal property for corporate uses and purposes. The complaint alleges the power of the city thus to provide for the levy and collection of its taxes, and that the ordinance [providing for repayment of moneys paid on void tax sales] was passed "in pursuance and in aid of the power aforesaid to collect taxes upon real property." That legislation of this character is really in aid of the taxing power is illustrated by many authorities. Black, Tax Titles, §§ 463, 464, 477; *Wilson v. Butler County*, 42 N. W. 891. Again, a city which derives its sole power from an act of the legislature may exercise all the powers within the fair intent and purpose of its creation, which is reasonably proper to give effect to power expressly granted, and may choose means adapted to the end desired. 1 Dillon, Municipal Corporations, (3d ed.) § 91; *Supervisors v. O'Malley*, 2 N. W. 632.

It is claimed that at the time the first cause of action accrued the ordinance had not been passed, and hence the demurrer to the first cause of action should have been sustained. That such enactments may be made retroactive in effect is clear from the authorities. *Coles v. County*, 35 Minn. 127; *State v. Bruce*, 52 N. W. 971; Black, Tax Titles (2d ed.), § 480.

The third cause of action is based upon the right of one to recover money had and received by another under such circumstances as that in good conscience it ought not to be retained. Here there is no questionable tax paid at all. There was no longer any tax to be paid upon the premises. Whether volun-

tary or not, the payment was not a payment of a tax to the city, but a payment of money under a mistake of fact, where nothing at all was due to the city. Nor was the payment voluntary in contemplation of law. *Newport v. Ringo's Executrix*, 10 S. W. 2; *Wilson v. Butler County*, 42 N. W. 893; *Fremont, etc. R. R. Co. v. Holt County*, 45 N. W. 164; *Morrison v. Kelly*, 74 Am. Dec. 176; *Iowa R. L. Co. v. Guthrie*, 5 N. W. 522.

*John Paul Judson*, and *W. H. H. Kean* (*James Wickersham*, of counsel), for respondent:

Appellant purchased the property in question at a fair, open tax sale and paid his money to the city. The ordinance guaranteeing his investment was not passed for a year afterward. Under such facts the rule of *caveat emptor* is strictly and rigidly applied by the courts. Black, Tax Titles (2d ed.), § 463; Cooley, Taxation (2d ed.), p. 476 and note. No general rule of law will save appellant's first cause of action and he recognizes this by appealing to the ordinance. But this ordinance was not in existence when the cause accrued; further, it is *ultra vires* and void; and the city of Tacoma had no authority in its enabling act or charter to refund prior paid taxes out of the public funds. 1 Dillon, Municipal Corporations (4th ed.), § 457; 15 Am. & Eng. Enc. Law, p. 1100; *Becker v. Keokuk Waterworks*, 79 Iowa, 419 (18 Am. St. Rep. 377); *Hyde v. Supervisors*, 43 Wis. 129; *City of Logansport v. Humphrey*, 84 Ind. 467; *Dowell v. City of Portland*, 13 Ore. 248. A guaranty upon private investments, even in tax titles, is not within the ordinary administrative powers of a corporation, and requires a special legislative grant. *Carter v. Dubuque*, 35 Iowa, 416; *Louisiana State Bank v. Orleans Nav. Co.*, 3 La. An. 294; 1 Dillon, Mun. Corp. (4th ed.), § 471.

The rule of *caveat emptor* applies; there is in such cases no implied power in the city council to pass an ordinance to warrant or defend tax titles. Cooley, Taxation (2d ed.), p. 818; *Lynde v. Melrose*, 10 Allen, 49; *Packard v. New Limerick*, 34 Me. 266; *Lyon County v. Goddard*, 22 Kan. 389.

In the third cause of action, a new feature of the case presents itself. After making the purchase at the sale as set out in the first and second causes, and on August 10, 1893, appellant voluntarily paid taxes assessed for prior years of 1890, 1891, upon the same property. The old rule of *caveat emptor* applies, and the cause·falls squarely within the rule announced by the supreme court of Massachusetts in the case of *Lynde v. Melrose*, 92 Mass. 49. A mere voluntary payment of taxes cannot be recovered. Cooley, Taxation (2d ed.), p. 809; *Sears v. Marshall County*, 13 N. W. 755; *Dowell v. City of Portland*, 13 Ore. 248; *Montgomery v. Cowlitz County*, 14 Wash. 230; Black, Tax Titles (2d ed.), §§ 463-469.

The opinion of the court was delivered by

HOYT, C. J.— Plaintiff sought to recover from the defendant upon three causes of action; two for money paid to the city upon certificates issued upon sales for void taxes, and one for money alleged to have been paid on account of a mistake of fact. Defendant, for answer to each of these causes of action, set up the fact that the city was indebted beyond the·constitutional limit and for that reason could not be held liable to the plaintiff. To these answers a demurrer was interposed by the plaintiff, which was overruled by the court, and, the plaintiff electing to stand upon

such demurrer, judgment in favor of the defendant was entered as to each of the causes of action.

Errors are severally assigned upon the ruling of the court in overruling the demurrer to the answers to each of the three causes of action, and the first question presented for our consideration is as to the sufficiency of these assignments of error. Respondent cites many authorities in support of its contention that they are not sufficient, but in our opinion none of them are in point; for while it is true that some of them state in general terms that an error alleged generally upon a pleading or other paper, a part of the record, is insufficient, none of them go to the extent of holding that an error which calls in question a single ruling of the court, in making which it was not called upon to assign any reason, is not sufficient. Under our practice a court in overruling a demurrer passes generally upon the sufficiency of the pleading demurred to, but there is nothing which requires it to in any manner disclose to the parties why the demurrer is overruled, and in fact no reason could be given excepting that the pleading contains all the elements required. When the court sustains a demurrer to a pleading it might be proper for it to disclose in what particular the pleading is insufficient; but even that is not required. On account of these facts we think that when it is charged that the court erred in sustaining a demurrer to a particular cause of action, it is sufficiently definite, for the reason that the party may not be advised as to the particular part of the pleading which the court has found to be insufficient.

But whether or not this is so, an assignment of error which questions the correctness of a ruling of the superior court in overruling a demurrer must be

held sufficient, for the reason that the effect of such ruling is to assert generally the sufficiency of the pleading, and it is impossible for the party assigning the error to state the reasons which controlled the court in thus holding.

The motion to dismiss must be denied.

The right to recover the money paid for the certificates issued upon the void tax sales is founded upon a certain ordinance passed by the city council on January 11, 1893, entitled :

" An ordinance for the cancellation of illegal or erroneously issued certificates of sales on unpaid and delinquent municipal taxes, and on street and sewer assessments, and prescribing the manner of refunding the money paid for such certificates and the interest thereon."

This ordinance in terms applies to certificates theretofore as well as thereafter issued.

Under its charter the city had power to provide for the levy and collection of taxes, and thereunder we think it had power to provide that any one who should in the future pay money into the treasury upon a tax sale which was void, should be entitled to have the certificate issued upon such sale canceled and his money repaid by the treasurer.  Such a provision might be necessary to induce purchases at tax sales, and in the judgment of the common council it might be a necessary part of the machinery for the assessment and collection of taxes.

One of the causes of action was founded upon a certificate issued after the passage of the ordinance, and as to that we think a cause of action against the city was stated.  The other certificate was issued upon a sale made before the passage of the ordinance and fails to state a cause of action, if it was beyond the

power of the common council to provide relief to purchasers at tax sales made before the passage of the ordinance. We have seen that the authority to pass the ordinance could well be held to be incident to the right to regulate the assessment and collection of taxes, and we are unable to discover any other power conferred by the charter which would authorize the council to pass such an ordinance. We must, therefore, hold that the ordinance is valid only by reason of the fact that authority to pass it was included in the power to regulate the assessment and collection of taxes.

This being so, that portion of the ordinance which attempted to relieve those who had purchased at tax sales before its passage cannot be sustained. Under well settled rules of law they had obtained all they purchased whether the sales were valid or void. When they made their bid they took their risk as to that. Hence the city received the money upon the sale as its absolute property and owed no obligation whatever to the purchaser, even if the sale was absolutely void. It must follow that the provision authorizing the cancellation of the certificate issued at the sale and the re-payment of the money received therefor, when applied to past sales, was in no manner connected with the assessment and collection of taxes. Hence there was no power in the common council to make such application.

The other cause of action grew out of the fact that the plaintiff, supposing that he had title to the property in question by reason of the tax sales, paid other taxes which appeared upon the books of the city to be a charge thereon, but which were in fact not a legal charge upon the property. It is not contended that the right to recover the money so paid is directly

founded upon the ordinance above referred to, but it is claimed that it was money received by the city which equity required it to return to the plaintiff. There is nothing tending to show that the payment was other than a voluntary one, and we are unable to discover anything in the facts alleged which would make this payment an exception to the general rule that moneys voluntarily paid on account of taxes can not be recovered; and since that is the well settled general rule, we must hold that the facts relating to this payment did not state a cause of action. As to this cause of action and the one founded upon the sale made before the passage of the ordinance in question the complaint was insufficient.

As to the other cause it was sufficient, and it is necessary to determine as to the sufficiency of the answer thereto, and under well settled rules it must be held insufficient. The money paid into the treasury upon the sale did not, under the ordinance referred to, become the absolute property of the city, and its re-payment was not the incurring of a debt within the meaning of our constitutional provision (art. 8, § 6.) The case of *Richards v. Klickitat County*, 13 Wash. 509 (43 Pac. 647), while founded upon a different state of facts, clearly announced this principle.

For the error of the court in overruling the demurrer to the answer to this cause of action the judgment must be reversed and the cause remanded for further proceedings.

SCOTT, ANDERS and GORDON, JJ., concur.