## SNOWDEN v. THOMPSON.

### Opinion delivered December 14, 1914.

1. IMPROVEMENT DISTRICTS—UNEXPENDED FUNDS.—There is no statutory provisions, express or implied, concerning the distribution of unexpended funds in the hands of the treasurer of an improvement district.

2. IMPROVEMENT DISTRICTS—UNEXPENDED FUNDS.—Unexpended funds in the hands of the treasurer of an improvement district, constitute a trust fund, and in the absence of statutory provision, courts of equity have jurisdiction to require an accounting of the trust and distribution of the funds.

3. IMPROVEMENT DISTRICTS—BONDS—PROCEEDS—UNEXPENDED SURPLUS.— The improvement district statutes authorize the issuance of bonds payable in installments and any funds arising from assessments or remaining unexpended from the proceeds of the sale of the bonds necessarily remain in the hands of the treasurer for the purpose of applying on the bonds or interest as the same fall due.

4. IMPROVEMENT DISTRICTS—UNEXPENDED FUNDS—RIGHTS OF LAND OWNERS.—Where there is in the hands of the treasurer of an improvement district, a sum of money raised by the sale of bonds, and in excess of the cost of the improvement, the land owners in the district are not entitled to a return of the same, since the same should be used in paying off the bonds, when due, and interest thereon.

Appeal from Greene Chancery Court; *Charles D. Frierson*, Chancellor; affirmed.

*M. P. Huddleston, Robt. E. Fuhr* and *J. M. Futrell,* for appellant.

1. Has the county court jurisdiction to distribute these funds? Art. 7, § 2, Const. 1874. Evidently not. 95 Ark. 194.

2. Are funds of a drainage district county funds? Our court answers *No.* 102 Ark. 106-108.

*R. P. Taylor,* for appellee.

McCulloch, C. J.   A drainage district known as the "Swan Pond Drainage District No. 1," was, in the year 1907, formed in Greene County under the general statutes of the State by an order of the county court.   Assessments were levied on the lands in the district, and, in order to hasten the work of construction, bonds to the amount of $50,000.00 were issued pursuant to an order of the county court authorizing the same; and after the improvement was completed and paid for there was a balance of $4,330.68 left in the hands of the treasurer.   This is an action brought in the chancery court by appellants, who were owners of lands in the district, against appellee, as treasurer, to require a distribution of said funds, *pro rata,* among the land owners.   There was a demurrer to the complaint on the ground that the chancery court was without jurisdiction to determine the suit and the court sustained the demurrer and dismissed the complaint.

(1-2)   The statute in force at the time of the formation of the district contains no provision for distribution of unexpended funds, nor for general control of the county court over the settlements of the officers of the district with respect to funds coming into their hands.   In other words, there is no statutory provision, either express or implied, concerning the distribution of unexpended funds.   Such funds would, however, constitute a trust fund, and courts of equity have jurisdiction to require an accounting of the trust and distribution of the funds, at least in the absence of some adequate statutory provision.

(3-4)   Conceding that the chancery court had jurisdiction in this case, it does not follow, however, that appellants have stated a case in their complaint.   It is apparent that the facts set forth do not warrant any relief, for there is no allegation that the funds were not needed to pay bonds which were issued to raise funds to pay the improvement.   The statements of the complaint are merely to the effect that bonds in the sum named were issued, and that out of the funds thus raised there was a surplus of $4,-330.68 after paying for the improvement.   The bonds are,

according to the allegation of the complaint, still outstanding and assessments were levied for the purpose of paying the same as they fall due.   The statutes authorize the issuance of bonds payable in installments, and any funds arising from assessments or remaining unexpended from the proceeds of the sale of the bonds necessarily remain in the hands of the treasurer for the purpose of applying on the bonds or interest as the same fall due.   Merely because there is no present application to be made of the funds does not call for a distribution among the owners of the district. The land owners are only entitled to a return of money which has been raised by assessments on their lands and not expended for the purposes contemplated in the organization of the district.   Where there is a future use for the funds, the land owners are not entitled to a return of them.

The decision of the chancery court was therefore correct, though based upon erroneous grounds.

Decree affirmed.