[No. 14295. Department One. February 1, 1918.]

CHARLES O. CHILDS, *Respondent*, v. SPOKANE COUNTY, *Appellant*.[1]

TAXATION — RECOVERY OF TAXES — VOLUNTARY PAYMENTS. Sums paid for taxes and for the redemption of tax certificates made for the purpose of acquiring title by adverse possession of railroad right of way, the location of which was open and apparent, are voluntary payments and cannot be recovered, there being no duress or mistake of fact.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered January 5, 1917, in favor of the plaintiff, upon overruling a demurrer to the complaint, in an action to recover a tax paid. Reversed.

*John B. White* and *William C. Meyer,* for appellant.
*Fred S. Duggan,* for respondent.

WEBSTER, J.—Respondent brought this action to recover the sum of $148.16, alleged to have been wrong-

[1]Reported in 170 Pac. 145.

fully collected by the appellant as taxes on property illegally assessed. The complaint alleges in substance that, during the year 1883, A. M. Cannon filed in the office of the county auditor a plat of certain lands, now known as Cannon's addition to the city of Spokane; that the property so platted included certain lots lying within 200 feet of the center line of the Northern Pacific Railway Company's right of way, which were claimed by Cannon as his property; that, among these, was lot 7, in block 50, upon which the taxes in question were paid; that thereafter the defendant regularly and annually assessed said lot for the purposes of general taxation against the plaintiff and his predecessors in interest as the owners thereof; that, during the same period, the lot was also listed and assessed as the property of the Northern Pacific Railway Company; that, in reliance upon his deed to said lot and the act of the county in accepting and recording said plat, the plaintiff, at various times, paid taxes on said lot amounting to the sum stated; that, by a decision of the supreme court of the United States, rendered January, 1916, it was conclusively established that the Northern Pacific Railway Company was the owner of the premises upon which the taxes had been paid and that plaintiff had no right or title thereto, and that, thereafter, plaintiff duly made claim to the board of county commissioners of the defendant for the amount herein sued for, which claim was denied.

The defendant's demurrer to the complaint was overruled, and upon its refusal to plead further, judgment was entered in favor of the plaintiff. The defendant appeals.

The location of the premises within the right of way was open and apparent. It is not alleged that the taxes were paid under protest, compulsion or duress,

or that the plaintiff was in ignorance of any fact. The plain inference from the complaint is that, with knowledge of all the facts, the payments were made voluntarily and for the purpose of acquiring title to the property by adverse possession.

It is settled law that money paid in satisfaction of an illegal tax to a municipal corporation, acting under claim of right and without fraud, cannot, in the absence of a statute authorizing it, be recovered back, where the payment was not compelled by duress or coercion and there was no ignorance or mistake of fact on the part of the one making such payment. *Pittock & Leadbetter Lumber Co. v. Skamania County*, 98 Wash. 145, 167 Pac. 108; *Phelps v. Tacoma*, 15 Wash. 367, 46 Pac. 400; Dillon, Municipal Corporations (5th ed.), § 1617 *et seq.*

Some contention is made that a portion of the sum for which the action was brought represents the amount paid by the respondent for the redemption of certain tax certificates which were outstanding against the property. In our opinion, this fact does not alter the application of the principle announced. The respondent was under no greater coercion to redeem the certificates of delinquency than he was to pay the taxes for which the certificates were issued, and such payment is within the rule. This is not a case where the purchaser of a certificate of delinquency is seeking to recover the amount paid therefor because the title to the property upon which the tax was levied has failed by reason of a forfeiture declared by the state. Such cases are governed by different principles. *Conner v. Spokane County*, 96 Wash. 8, 164 Pac. 517.

The cause will be reversed, and remanded with direction to sustain the demurrer to the complaint.

ELLIS, C. J., FULLERTON, PARKER, and MAIN, JJ., concur.