[No. 14528. Department Two. April 25, 1918.]

HANNAH ROBINSON, *as Guardian etc., Appellant*, v. KITTITAS COUNTY, *Respondent*.[1]

TAXATION—RECOVERY OF ILLEGAL TAX—VOLUNTARY PAYMENT—MISTAKE OF LAW. Taxes upon Indian lands, levied by the county and voluntarily paid by the Indian's grantee under a mutual mistake of law and the belief that the lands were assessable for taxation, cannot be recovered back; since there was no ignorance or mistake of fact and the payment was voluntary.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered October 29, 1914, upon sustaining a demurrer to the complaint, dismissing an action to recover taxes paid. Affirmed.

*J. N. Streff*, for appellant.

*Arthur McGuire*, for respondent.

FULLERTON, J.—The appellant, in her own right as widow of John Robinson, deceased, and as guardian of her minor son, began an action in the year 1914 to recover from respondent the sum of $761.53, which had been paid as taxes on certain lands for the years 1904 to 1913, inclusive. The court sustained a demurrer to her complaint on the ground that it failed to state a cause of action. On the appellant's election to stand on the complaint and refusal to plead further, judgment was rendered dismissing the action.

The complaint shows that a homestead entry had been made on the lands by an Indian on May 10, 1881, under an act of Congress of 1862 as amended March 3, 1875. A final receiver's certificate was issued to the Indian on December 13, 1887, under the act of Congress of July 4, 1884, and patent issued to the Indian on January 25, 1892. The Indian was entitled to a

[1]Reported in 172 Pac. 553.

patent in accordance with the act of July 4, 1884, under which for a twenty-five year trust period the land was "non-alienable, non-assessable, nor subject to taxation by the state or county or other quasi municipality within whose limits said lands may be situated, and any attempt to alienate the same, or tax the same or levy or assess taxes against the same by any county, state, or quasi municipal division of the state is void, illegal and fraudulent, and wholly outside of the jurisdiction of any officers of municipal or civil division of any state." The patent issued by the executive officer of the United States was erroneously executed pursuant to the act of Congress of January 18, 1881, relating to transactions with Winnebago Indians of Wisconsin, and did not contain the provision of the act of 1884 exempting the land from taxation for a period of twenty-five years.

On May 23, 1903, the lands in controversy were deeded by the Indian to John Robinson, under whom the widow and minor son now claim as heirs. From and including the year 1904 to the year 1913, the respondent assessed and collected taxes thereon totaling the sum of $761.53. It is further alleged that these taxes were illegally assessed, and that they were levied, collected, and paid by mutual mistake of the parties as to the ownership and title of the lands; that, prior to the conveyance of the land by the Indian, an attorney was consulted by John Robinson, and he was advised and believed that the Indian had title in fee and was competent to make good title; that the taxes were paid under the mistake and belief that title vested in the grantee; that respondent assessed and collected the taxes under the belief that they were legal and valid; that the mistake was not discovered until within three months before the institution of the action; and that a claim for refund of the moneys was presented to re-

spondent and rejected prior to the bringing of this action.

The question of legal title to the land is, in view of our opinion, immaterial, and the sole matter for determination is, what right of recovery has one who voluntarily pays taxes illegally assessed under mutual mistake of law of the taxpayer and the assessing officers. It will be observed that the complaint does not show any compulsion or duress in the collection of the tax, nor that it was paid under protest. There is no showing of fraud in the assessment and collection, other than a conclusion to that effect from the mere fact of a mistaken right of assessment.

In the recent case of *Childs v. Spokane County*, 100 Wash. 64, 170 Pac. 145, the governing principle in such cases is stated as follows:

"It is settled law that money paid in satisfaction of an illegal tax to a municipal corporation, acting under claim of right and without fraud, cannot, in the absence of a statute authorizing it, be recovered back, where the payment was not compelled by duress or coercion and there was no ignorance or mistake of fact on the part of the one making such payment;" citing *Pittock & Leadbetter Lumber Co. v. Skamania County*, 98 Wash. 145, 167 Pac. 108; *Phelps v. Tacoma*, 15 Wash. 367, 46 Pac. 400; Dillon, Municipal Corporations (5th ed.), § 1617.

The case of *Phelps v. Tacoma* holds that a taxpayer's mistake as to his title to land upon which he pays the taxes does not alter the character of the payment as a voluntary one. See, also, *Homestead Co. v. Valley Railroad*, 84 U. S. (17 Wall.) 153, 166; Cooley, Taxation (3d ed.), pp. 824, 1495.

Decisions of this court cited by appellant, where recovery was allowed because of overvaluation through the mistake of the assessor, are based on the assump-

tion of constructive fraud by reason of that fact, and are not authority for the recovery of voluntary payments of taxes upon land which the party paying believed he owned.

The judgment is affirmed.

ELLIS, C. J., MOUNT, HOLCOMB, and CHADWICK, JJ., concur.