[No. 23490. Department Two. October 28, 1932.]

PACIFIC FINANCE CORPORATION, *Appellant,* v. SPOKANE COUNTY, *Respondent.*[1]

*Bogle, Bogle & Gates,* for appellant.
*C. W. Greenough* and *A. O. Colburn,* for respondent.

HOLCOMB, J.—Appellant brought this action to recover from respondent taxes paid by appellant under the requirements of chapter 151, Laws of 1929, p. 380, which law was held unconstitutional by this court in *Aberdeen Savings & Loan Association v. Chase,* 157 Wash. 351, 289 Pac. 536, 290 Pac. 697, 71 A. L. R. 232.

Respondent demurred to the complaint on three grounds, the last of which was that the complaint does not state facts sufficient to constitute a cause of action, which was sustained by the trial court. Appellant declined to plead further, and the action was dismissed, from which dismissal this appeal is brought.

[1]Reported in 15 P. (2d) 652.

Appellant admits that it did not make a written notice of protest.

The complaint alleges that the taxes were paid on March 4, 1930, pursuant to chapter 151, *supra;* that the payment was made solely upon the command of the law aforesaid and to avoid the penalty provided therein, and not otherwise. The penalty imposed by § 26 of the same chapter, p. 392, is the same as that provided by law in case of delinquency of taxes on personal property.

In *Corwin Investment Co. v. White,* 166 Wash. 195, 6 P. (2d) 607, involving the same chapter 151, *supra,* we said:

"The law having been declared unconstitutional, the taxes were illegally exacted. Void taxes voluntarily paid cannot be recovered back. *Phelps v. Tacoma,* 15 Wash. 367, 46 Pac. 400; *Pittock & Leadbetter Lumber Co. v. Skamania County,* 98 Wash. 145, 167 Pac. 108; *Robinson v. Kittitas County,* 101 Wash. 422, 172 Pac. 553. Taxes which are void, but which have been paid under protest, may be recovered back. *Tozer v. Skagit County,* 34 Wash. 147, 75 Pac. 638; *Owings v. Olympia,* 88 Wash. 289, 152 Pac. 1019; *Stimson Timber Co. v. Mason County,* 97 Wash. 205, 166 Pac. 251."

Since it is admitted that the taxes involved in this suit were not paid under protest, they were voluntarily paid, and this case is governed by the decision in the *Corwin Investment Company* case, *supra.*

The judgment is affirmed.

TOLMAN, C. J., BEALS, MAIN, and MILLARD, JJ., concur.