[No. 25591. Department One. May 4, 1936.]

C. I. T. CORPORATION, *Appellant*, v. SPOKANE COUNTY, *Respondent.*[1]

*George W. Young* and *Mifflin & Mifflin,* for appellant.

*Ralph E. Foley* and *A. O. Colburn,* for respondent.

MITCHELL, J.—Pursuant to the terms of chapter 151, Laws of 1929, p. 380, providing for a tax measured by income upon banks and financial corporations, the C. I. T. Corporation, a corporation, on February 7, 1930, paid to the treasurer of Spokane county the sum of $440.84. Thereafter, the act of 1929 was declared to be unconstitutional. *Aberdeen Savings & Loan Ass'n v. Chase,* 157 Wash. 351, 289 Pac. 536, 290 Pac.

[1]Reported in 57 P. (2d) 322.

697, 71 A. L. R. 232. Thereafter, this action was brought against the county to recover the taxes claimed to have been illegally paid. The judgment was that plaintiff take nothing. The action was dismissed. Plaintiff has appealed.

The action was tried on stipulated facts. Appellant, admitting that void taxes voluntarily paid cannot be recovered back, contended that the taxes were paid, first, solely to avoid threatened penalties, and second, under protest.

As to the first, by the terms of the act, no summary proceeding, such as distraint and sale, was provided for collecting the tax. The tax would not have created a lien of any kind, and § 26, p. 392, of the act by its terms provides that, if the tax be not paid, "it may be recovered in a civil action brought by the treasurer of the county." The remedy would in no way interfere with the corporation's business. The corporation could have defended in the civil action to recover the taxes upon the same grounds now relied on, the invalidity of the tax.

As to the second ground—payment under protest, assuming that protest would have saved the payment from being voluntary, § 35, p. 396, of the act says that the

". . . protest shall be in writing and shall state the grounds upon which the illegality or invalidity of the tax is asserted, and shall be filed with the county treasurer at the time the tax is paid. . . ."

The only thing in the stipulation upon this feature is that the written *claim or demand for refund of the taxes* contains the self-serving declaration that the taxes had been paid under protest. The stipulation does not say that any protest was made at the time the taxes were paid or at any other time, but only that appellant had filed a *claim for refund containing*

*the assertion that a protest had been filed,* and, even in that respect, the declaration is silent as to whether the pretended protest was in writing or oral.

The case, in final analysis, is controlled by *Pacific Finance Corp. v. Spokane County,* 170 Wash. 101, 15 P. (2d) 652.

Affirmed.

MILLARD, C. J., STEINERT, GERAGHTY, and TOLMAN, JJ., concur.