[No. 43804-2-I.   Division One.   April 10, 2000.]

WEST COAST, INC., *Appellant*, v. SNOHOMISH COUNTY, ET AL., *Respondents*.

*John W. Hempelmann* and *Brian L. Holtzclaw* (of *Cairncross & Hempelmann, P.S.*), for appellant.

*James H. Krider, Prosecuting Attorney*, and *Duana T. Kolouskova* and *Barbara J. Dykes, Deputies*; and *Joseph B. Genster*, for respondent Snohomish County.

*Pamela W. Krueger* and *Markham A. Quehrn*, for respondent Everett School District No. 2.

GROSSE, J. — At issue here is whether a change of a school district's mitigation certification, occurring after the original application and after agreement between the parties, and an applicant's attempt to use that change of certification as a means of gaining the removal of the previously determined conditions of development approval, constitutes a "revision" of the preliminary plat. It does not.

## FACTS

This appeal revolves around two land use applications submitted by West Coast, Inc. (West Coast). Its first application included a planned residential development, rezone, and preliminary plat approval. The second application, and the basis of the appeal before this court, was a request for modification of the preliminary plat labeled by West Coast as a "major revision."

The original application included a 39-lot subdivision of single family homes within the area served by Everett School District No. 2 (School District). The application was

subject to review under chapter 43.21C RCW, the State Environmental Policy Act (SEPA), to determine if the proposal would create significant impacts on the surrounding area, including impacts on public school facilities and services.[1] Under Snohomish County Code (SCC) 26C.05.010, each school district must qualify for impact mitigation on an annual basis for it to receive mitigation or impact fees. As part of this qualification or certification, the school district, projecting its future interest, identifies a specific dollar amount per lot to be charged to developers to provide partial funding for school improvements or new construction related to the development.

Prior to preliminary plat approval, project applicants must provide a letter from the affected school district to Snohomish County showing agreement on the mitigation amount. The county under SCC 26C.07.010 then determines whether the mitigation amount meets the requirements of SEPA and local ordinances.

At the time of West Coast's initial application, the School District was certified for $1,948 per lot for mitigation, to which the parties agreed. In accord, the Snohomish County Planning Department (Department) issued a mitigated determination of nonsignificance (MDNS) as to the school impact fees, imposing a measure of $1,948 per single family residence to the School District.

West Coast did not challenge or appeal this MDNS and a hearing examiner granted preliminary plat approval subject to several conditions, including the school impact fees. A series of administrative appeals to the preliminary plat approval ensued, none relating to the school impact mitigation condition of the preliminary plat approval. Final approval of the preliminary plat with conditions issued in August of 1996. West Coast did not appeal this approval or the MDNS.

---

[1] Former Title 26C of the Snohomish County Code (SCC) required that new development mitigate any significant adverse impact to public schools created as a result of the development, SCC 26C.07.010, 26C.03.030, through the SEPA process. *See* SCC 26C.01.020.

In the meantime, the School District submitted a revised capacity analysis to Snohomish County for future development. For a period of time the impact fee for future projects was reduced to $0. Shortly thereafter Snohomish County recertified the School District and impact fees were again put in place for future projects.

During the interim, West Coast submitted a request for modification of the preliminary plat approval seeking to avoid the school impact mitigation fees altogether. The second application submitted did not change any of the physical characteristics of the plat.

The Department issued a letter to West Coast indicating it was canceling the processing of the application for failure to include a valid proposed revision within the meaning of the subdivision code. The Department's letter noted that the request for a revision was actually a request for the deletion of a condition imposed, and that such a request should have been made on appeal or as a request for reconsideration of the original decision. The Department returned the application and refunded the application fee to West Coast. West Coast made a second request to process the application, which was again declined by the Department. West Coast then filed suit to force Snohomish County to process the application. West Coast and Snohomish County stipulated to dismiss the case without prejudice, agreeing to initially bring the request before a Snohomish County deputy hearing examiner (deputy hearing examiner).

After the stipulation, the Department issued a staff recommendation to deny the application on the basis that it was not a new application requiring review under the certification amount in effect, and that, if approved, the application would remove a properly imposed SEPA mitigation measure and would result in a significant environmental impact. The Department recommended the application be denied without completion of SEPA review pursuant to SCC 23.16.280 (denial of proposal without EIS (environmental impact statement)).

The deputy hearing examiner found that the application

to revise a condition was a proper request for revision to the approved preliminary plat pursuant to SCC 19.20.020(1).[2] The deputy hearing examiner found that under the defined term "preliminary plat" (SCC 19.12.200)[3] the application included supporting exhibits such as mitigation offers, and remanded the application to the Department for processing.

The School District appealed the deputy hearing examiner's decision to the Snohomish County Council (Council). By motion, in open session on February 11, 1998, the Council reversed the decision of the deputy hearing examiner and dismissed West Coast's application. The Council's decision was based on three conclusions. It held that the application was merely a request to change or delete a mitigation fee and therefore was not an application for revision within the meaning and intent of Title 19 of the SCC. The Council also held that the request was not an action for SEPA purposes, thus no further SEPA review was required. Finally, the Council held that the application was not a substantial change to the preliminary plat, and was therefore barred by res judicata. The Council specifically noted that there had been no appeal of the SEPA threshold determination of the preliminary plat approval with respect to the issue of school impact fees.

West Coast appealed the Council's decision via petition to the Snohomish County Superior Court under chapter

---

[2] SCC 19.20.020(1) states:

Approved preliminary plats may be revised by applicant, prior to recording of the final plat. Such revisions shall be processed and approved in the manner set forth herein for original preliminary plat approval; PROVIDED That if in the opinion of the director, the preliminary plat revision will not adversely affect public health, welfare and safety, and is generally consistent with the preliminary plat, the revision may be administratively approved by the director. Any administratively approved revision shall be communicated to all relevant county departments and agencies.

[3] SCC 19.12.200 sets forth the definition of plat, preliminary:

"Plat, preliminary" is a neat and approximate drawing showing the layout of a proposed subdivision containing all elements required by this title, together with any supporting exhibits which shall furnish a basis for the preliminary approval or disapproval of the proposal.

36.70C RCW, the Land Use Petition Act (LUPA). It also filed a complaint for damages in King County against Snohomish County and the School District alleging negligence and a violation of chapter 64.40 RCW, titled Property Rights—Damages From Governmental Actions. The parties agreed to transfer the LUPA appeal to King County and to consolidate the actions.

Snohomish County filed a motion to dismiss the appeal arguing that West Coast's appeal was not timely. The trial court denied the motion, finding the appeal to be timely. The cross-appeal is based on the denial of this motion.[4] The trial court also denied West Coast's LUPA petition on the ground that res judicata barred processing the application. West Coast moved for reconsideration. The court denied motion for reconsideration, except to include additional findings that the application was not a permitted plat revision under the SCC and was not an action under SEPA. West Coast appeals.

## DISCUSSION

The project upon which this appeal is based went through all the usual procedures required by Snohomish County's land use and development rules. An MDNS was issued, and appeals regarding issues other than the school impact fees were taken and decided. The "agreed to" mitigation on school impact fees was not appealed by West Coast and a final MDNS issued. The time for appeal expired.

■ Thus, whether the SCC's definition of "plat, preliminary" includes the "supporting exhibits" including the "agreed to" mitigation fees, as argued by West Coast, is not determinative of the issue.[5] The request for the removal of the school impact fees is not a "revision" within the mean-

---

[4] Due to our determination of the case on appeal, we do not need to consider the cross-appeal.

[5] Thus, West Coast's reliance on *McTavish v. City of Bellevue*, 89 Wn. App. 561, 949 P.2d 837 (1998) is of no moment. Here, there is no real issue of statutory construction.

ing and intent of SCC 19.20.020. West Coast may not circumvent a final and binding MDNS by attempting to remove an express SEPA condition under the guise of final preliminary plat revision.

Judicial review of a land use decision may not be obtained under RCW 36.70C.060(2)(d) of LUPA unless all the administrative remedies have been exhausted.[6] Because West Coast failed to timely appeal the school impact fee determination during SEPA review, it failed to exhaust its administrative remedies and review should have been precluded.

In addition, West Coast's alleged major modification action seeking removal of school impact fees does not constitute a fundamentally different kind of plat/land use application. In fact, the physical preliminary plat did not change at all from one application to the other. No matter how West Coast attempts to spin the second application, it is merely trying to avoid paying previously determined school impact mitigation fees, fees to which it agreed. On these facts it is within the purview of the Council to interpret its own code to preclude this attempt at evading finality.

Moreover, this is a classic example of the application of the general policy of res judicata in quasi-judicial land use actions as enunciated by our State Supreme Court in *Hilltop Terrace Homeowner's Ass'n v. Island County.*[7] As the Court stated, "a second application may be considered if there is a substantial change in circumstances or conditions relevant to the application or a substantial change in the application itself."[8] Here, the alleged major modification action seeking removal of school district impact fees does not constitute a different kind of plat. In fact the physical

---

[6] *Ward v. Bd. of Skagit County Comm'rs*, 86 Wn. App. 266, 270-72, 936 P.2d 42 (1997).

[7] *Hilltop Terrace Homeowner's Ass'n v. Island County*, 126 Wn.2d 22, 30-31, 891 P.2d 29 (1995).

[8] *Hilltop Terrace Homeowner's Ass'n*, 126 Wn.2d at 33.

preliminary plat proposal did not change at all from the first to the second application.

■ Finally, no facts can be found in the record to release West Coast from its original agreement to pay the school impact fees. West Coast must be required to live up to what is tantamount to a contractual obligation. Absent extraordinary circumstances justifying a failure to perform, West Coast is bound by its agreement. It has made no showing of extraordinary circumstances here. All it has shown is the mere fortuity of a hiatus between impact fee certification occurring prior to commencing final development of the property.

## ATTORNEY FEES

RCW 4.84.370 states:

(1) Notwithstanding any other provisions of this chapter, reasonable attorneys' fees and costs shall be awarded to the prevailing party or substantially prevailing party on appeal before the court of appeals or the supreme court of a decision by a county, city, or town to issue, condition, or deny a development permit involving a site-specific rezone, zoning, plat, conditional use, variance, shoreline permit, building permit, site plan, or similar land use approval or decision. The court shall award and determine the amount of reasonable attorneys' fees and costs under this section if:

(a) The prevailing party on appeal was the prevailing or substantially prevailing party before the county, city, or town, or in a decision involving a substantial development permit under chapter 90.58 RCW, the prevailing party on appeal was the prevailing party or the substantially prevailing party before the shoreline[s] hearings board; and

(b) The prevailing party on appeal was the prevailing party or substantially prevailing party in all prior judicial proceedings.

(2) In addition to the prevailing party under subsection (1) of this section, the county, city, or town whose decision is on appeal is considered a prevailing party if its decision is upheld at superior court and on appeal.

Under this statute, the School District is the prevailing

party and is entitled to reasonable attorney fees and costs on appeal. Snohomish County would also be a "prevailing party" under subsection (2) above, but failed to seek those fees.

The decision of the superior court is affirmed and attorney fees and costs on appeal are awarded to the School District.

BAKER and ELLINGTON, JJ., concur.

Reconsideration denied December 26, 2000.