SUNDQUIST HOMES, INC.,
et al., Plaintiffs,

v.

SNOHOMISH COUNTY,
et al., Defendants

No. C02–1552L.

United States District Court,
W.D. Washington
at Seattle.

June 20, 2003.

Amy Nicole Linscheid Hanson, Keller Rohrback, Lynn Lincoln Sarko, Keller Rohrback, T David Copley, Keller Rohrback, Seattle, for Sundquist Homes Inc, a Washington Corporation, Eastglen Development LLC, a Washington Limited Liability Corporation, Foxwood Development LLC, a Washington Limited Liability Corporation, Rosemount LLC, a Washington

Limited Liability Corporation, Villa Homes LLC, a Washington Limited Liability Corporation, Avance Group II LLC, a Washington Limited Liability Corporation, Avance Group IV LLC, a Washington Limited Liability Corporation, Avance Group VI LLC, a Washington Limited Liability Corporation, Avance Group VII LLC, a Washington Limited Liability Corporation, Avance Group VIII LLC, a Washington Limited Liability Corporation, Avance Group IX LLC, a Washington Limited Liability Corporation, individually and on behalf of all others similarly situated, Avance Group III LLC, a Washington limited liability corporation, Plaintiffs.

Brent D Lloyd, Snohomish County, Prosecuting Attorney, Civil Division, Thomas M Fitzpatrick, Snohomish County, Prosecuting Attorney, Civil Division, Everett, Alex Jay Rose, Short Cressman & Burgess, James Albert Oliver, Short Cressman & Burgess, Kimberly Joy Waldbaum, Keating Bucklin & McCormack, Michael Charles Walter, Keating Bucklin & McCormack, David John Lenci, Preston Gates & Ellis, Grace Tsuang Yuan, Preston Gates & Ellis, Laura K Clinton, Preston Gates & Ellis, Seattle, Michael Barry Tierney, Labor Ready Inc, Tacoma, Diana Virginia Blakney, Mercer Island, for Snohomish County of, Mill Creek City of, Snohomish County School Districts, Arlington School District No. 16, Everett School District No. 2, Granite Falls School District No. 332, Lake Stevens School District No. 4, Lakewood School District No. 306, Marysville School District No. 25, Monroe School District, Snohomish County Park and Recreation Districts, Arlington,

Brier, Everett, Granite Falls, Lake Stevens, Maltby, Marysville, Monroe, Northcreek, Paine Field, Sky Valley, Snohomish, Snohomish Valley, SW County, Stanwood, and Tulalip, Stanwood School District, Stanwood School District No. 201, Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

LASNIK, District Judge.

This matter comes before the Court on "Snohomish County's Motion for Summary Judgment"[1]. Having reviewed the memoranda, exhibits, and declarations submitted by the parties, the Court finds as follows.

■ (1) Both parties acknowledge that the longest statute of limitation that might be applicable to plaintiffs' claims is the three-year limitations period set forth in RCW 4.16.080(3). *See Henderson Homes, Inc. v. City of Bothell,* 124 Wash.2d 240, 248, 877 P.2d 176 (1994). Plaintiffs argue, however, that defendants should be equitably estopped from raising the statute of limitation as a defense. "Estoppel is available to prevent a defendant from raising a statute of limitations defense where the defendant has *'fraudulently* or *inequitably'* invited a plaintiff to delay commencing suit until the applicable statute of limitation has expired." *Hart v. Clark County,* 52 Wash.App. 113, 119, 758 P.2d 515 (1988) (quoting *Del Guzzi Construction Co. v. Global Northwest Ltd.,* 105 Wash.2d 878, 885, 719 P.2d 120 (1986)) (emphasis in original). Despite plaintiffs' conclusory allegations of wrongdoing,[2]

1. Defendants Arlington School District No. 16, Everett School District No. 2, Granite Falls School District No. 332, Lake Stevens School District No. 4, Lakewood School District No. 306, Marysville School District No. 25, Monroe School District No. 103, Snohomish School District No. 201, Stanwood School District No. 401, Sultan School District No. 311, and the City of Mill Creek have joined in the motion.

2. Defendants' motion to strike plaintiffs' reference to "express and implied representations" is DENIED. The allegations are unsupported, however, and therefore cannot

there is no evidence that defendants behaved fraudulently, no indication that they collected the impact fees in bad faith, and no hint of any admission, statement, or act on defendants' part which precluded or dissuaded plaintiffs from filing this suit in a timely manner Because estoppel does not bar defendants' assertion of the statute of limitation in this case, plaintiffs may not seek recovery of any impact fees paid before March 29, 1999.

■ (2) Pursuant to RCW 82.02.080, "[i]mpact fees may be paid under protest in order to obtain a permit or other approval of development activity." Defendants argue that a developer who makes payment without lodging such a protest is precluded from seeking a refund under RCW 84.68.020

> In all cases of the levy of taxes for public revenue which are deemed unlawful or excessive by the person, firm or corporation whose property is taxed, or from whom such tax is demanded or enforced, such person, firm or corporation may pay such tax or any part thereof deemed unlawful, under written protest setting forth all of the grounds upon which such tax is claimed to be unlawful or excessive, and thereupon the person, firm or corporation so paying, or their legal representatives or assigns, may bring an action in the superior court or in any federal court of competent jurisdiction against the state, county or municipality by whose officers the same was collected, to recover such tax, or any portion thereof, so paid under protest.

It has for many years been the rule in Washington that taxes paid without protest, even if later declared unconstitutional or invalid, are considered voluntarily paid and cannot be recovered *Pacific Finance Corp. v. Spokane County*, 170 Wash. 101, 102, 15 P.2d 652 (1932) (citing *Phelps v. Tacoma*, 15 Wash. 367, 46 P. 400 (1896)).

■ In light of this history and the unambiguous language of RCW 84.68.020, plaintiffs' argument that their payment of impact fees was not "voluntary" because they were required to make the payments in order to obtain the necessary development approvals is unpersuasive. First, the legislature specifically authorized payment under protest to ameliorate the harsh effects of forcing a taxpayer to risk penalties and/or significant delays in the development process in order to challenge a particular assessment. Second, the general desire to avoid taxes is irrelevant to the issue of "voluntariness" in this context absent a written protest, payments are considered "voluntary" despite the fact that the property owner would prefer not to pay them and/or only paid them to avoid adverse consequences. In addition, the bright line between refundable amounts paid under protest and those that are nonrefundable because no protest was lodged was drawn, in large part, to provide taxing authorities with timely notice of a dispute. As discussed in *Longview Fibre Co. v. Cowlitz County*, 114 Wash.2d 691, 696–97, 790 P.2d 149 (1990).

> The primary purpose of the protest requirement is notice ... which aids the County in its fiscal planning and in making decisions concerning potential refund lawsuits. The notice is important not only to the County Treasurer but to junior taxing districts such as school and fire districts. These districts receive funds from the County. It is important that they be aware of possible reductions in allocations of tax funds due to potential refunds.

Plaintiffs' subjective unwillingness to pay a particular assessment is irrelevant under RCW 84.68.020. Whatever the motivation

defeat a properly supported motion for summary judgment.

behind paying the challenged assessment, if the taxpayer did not file a written protest, the payment is considered voluntary and he is precluded from seeking a refund.

(3) The real issue presented by RCW 84.68.020 in the circumstances of this case is whether impact fees are "taxes" subject to the requirement of a written protest. Although the issue has never been decided for all contexts and in all circumstances, when forced to characterize impact fees the state courts have generally treated them as "taxes." *Henderson Homes,* 124 Wash.2d at 247–48, 877 P.2d 176 (treating impact fees as taxes when determining which statute of limitations to apply); *Trimen Development Co. v. King County,* 124 Wash.2d 261, 276, 877 P.2d 187 (1994) (treating impact fees as taxes when determining which statute of limitations to apply, but specifically refraining from finding that impact fees are taxes), *New Castle Investments v. City of LaCenter,* 98 Wash. App. 224, 233–36, 989 P.2d 569 (1999) (distinguishing impact fees from regulations and land use ordinances that are subject to vesting rights doctrine and noting similarities between impact fees and taxes), *Wellington River Hollow, LLC v. King County,* 113 Wash.App. 574, 590 n. 7, 54 P.3d 213 (2002) (assuming, without deciding, that school impact fees are taxes), *rev. denied,* 70 P.3d 965 (Wash.2003).

■ Despite the obvious reluctance to equate impact fees with taxes for all purposes, the state courts have found that such fees have many of the characteristics of taxes, that they are not regulations or land use ordinances, and that procedural rules which apply to taxes are equally applicable to impact fees. As discussed in *New Castle Investments,* evaluation of the standard factors used to determine whether a charge imposed by a governmental entity is a tax or a regulatory fee leads to the conclusion that impact fees perform the basic functions of a tax "they are an-

other source of revenue for improvements that benefit the public in general, and they are not intended to regulate the particular development." 98 Wash.App. at 236, 989 P.2d 569. This functional analysis is supported by the fact that the statutes authorizing impact fees are found among the tax statutes, rather than among the land use regulations or some other section of the code. 98 Wash.App. at 235, 989 P.2d 569.

Having reviewed the relevant case law, the Court finds that the impact fees at issue in this litigation fall within the term "taxes" for purposes of the written protest requirements of RCW 84.68.020. The evidence submitted shows, however, that none of the payments made by plaintiffs since March 29, 1999, was paid under written protest. Plaintiffs have not satisfied a condition precedent to bringing a refund action in state or federal court. Pursuant to RCW 84.68.020 and the relevant case law, the fees plaintiffs seek to recover are nonrefundable and plaintiffs' claims fail as a matter of law. *See, e.g., Longview,* 114 Wash.2d at 695, 790 P.2d 149.

■ (4) Pursuant to Wash Const art IV § 6, the state superior court and, on removal, this Court have "original jurisdiction in all cases at law which involve the . . . legality of any tax, impost, assessment, toll, or municipal fine" Citing *Chaney v. Fetterly,* 100 Wash.App. 140, 149, 995 P.2d 1284 (2000), plaintiffs argue that the doctrine of administrative exhaustion is not applicable where the court and the relevant agency have concurrent original jurisdiction. The fact that this Court has jurisdiction to hear plaintiffs' challenge to the imposition of school impact fees is not dispositive, however. Washington jurisprudence shows that plaintiffs ignore the review procedures established by the legislature at their peril.

First, where statutes such as the Land Use Petition Act ("LUPA") prescribe pro-

cedures for the resolution of a particular type of dispute, state courts have required "substantial compliance" or satisfaction of the "spirit" of the procedural requirements before they will exercise their jurisdiction over the matter. *See Fisher Bros. Corp. v. Des Moines Sewer Dist. No. 29,* 97 Wash.2d 227, 230, 643 P.2d 436 (1982); *Patchell v. City of Puyallup,* 37 Wash.App. 434, 439, 682 P.2d 913 (1984).

> Substantial compliance has been defined as actual compliance in respect to the substance essential to every reasonable objective of the statute. It means a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which the statute was adopted. What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case.

*In re Santore,* 28 Wash.App. 319, 327, 623 P.2d 702 (1981). As stated by the legislature, LUPA[3] was enacted to establish "uniform, expedited appeal procedures and uniform criteria for reviewing such decisions, in order to provide consistent, predictable, and timely judicial review." RCW 36.70C.010. Plaintiffs made no effort to comply with any of LUPA's procedures, thereby thwarting its primary objectives of uniformity and timeliness. In addition, the taxing districts were deprived of timely notice that their allocations were in jeopardy and have expended much of the money defendants now claim. In such circumstances, defendants would be harmed if this Court entertained plaintiffs challenge despite their complete failure to comply with the procedural requirements of LUPA.

Second, after the decision in *Chaney,* the appellate court considered the exhaustion requirement in the context presented here, *i.e.,* a challenge to the imposition of school impact fees. In *West Coast, Inc. v. Snohomish County,* 104 Wash.App. 735, 742, 16 P.3d 30 (2000), Division 1 held that

> Judicial review of a land use decision may not be obtained under RCW 36.70C.060(2)(d) of LUPA unless all the administrative remedies have been exhausted. Because West Coast failed to timely appeal the school impact fee determination during SEPA review, it failed to exhaust its administrative remedies, and review should have been precluded.

*See also Wellington River Hollow,* 113 Wash.App. at 579–80, 54 P.3d 213 (LUPA sets forth procedures governing constitutional challenges to the imposition of school impact fees).[4] Plaintiff neither complied nor substantially complied with the procedures established by the legislature to govern their challenge to the legality of defendants' impact fee assessment. In light of the harm such failure would cause to defendants and the total absence of any justification on plaintiffs' part, plaintiffs' challenge will be dismissed.

(5) The Court need not determine whether plaintiffs' have suffered a cognizable injury, but notes that the existence of a pass-through is hotly contested.

(6) Because they were not relevant to the statutory analyses which are dispositive, the Court need not determine whether the materials attached as Exhibits D, E, and F to the Decl. of Stacy Phan (filed 1/30/03), are admissible.

---

3. An impact fee is a condition of a "development approval" under RCW 82.02.090, which in turn is defined as a "land use decision" under RCW 36.70C.020(1). Pursuant to RCW 36.70C.030, such land use decisions may be challenged only through LUPA.

4. To the extent plaintiffs rely on *Henderson Homes* for the proposition that state courts will hear challenges to the assessment of impact fees without requiring compliance with the procedures set forth in LUPA, that case was decided before LUPA was enacted.

(7) Motions for summary judgment are limited to twenty-four pages in this district Local Civil Rule 7(e)(3). Defendants' attempt to expand the allowable page limits by filing a twenty-four page memorandum with an appendix containing their statement of facts is unavailing. The Court has not considered "Appendix A" to defendants' motion for summary judgment.

For all of the foregoing reasons, defendants' motion for summary judgment is GRANTED. The Clerk of Court is directed to enter judgment against plaintiffs and in favor of defendants.